Pei v. Holder

BIA
Abrams, IJ
A099 037 679

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of April, two thousand Twelve.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> > *Circuit Judges.*

_____

YINGZI PEI,
> *Petitioner,*

> > v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

10-3844-ag

NAC

_____

FOR PETITIONER:     Jed S. Wasserman, New York, NY

FOR RESPONDENT:     Tony West, Assistant Attorney General; Christopher C. Fuller, Senior Litigation Counsel; Glen T. Jaeger, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yingzi Pei, a native and citizen of the People's Republic of China, seeks review of the September 8, 2010, order of the BIA affirming the February 27, 2009, decision of Immigration Judge ("IJ") Steven R. Abrams denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yingzi Pei*, No. A099 037 679 (B.I.A. Sept. 8, 2010), *aff'g* No. A099 037 679 (Immig. Ct. N.Y. City Feb. 27, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005)(per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

The agency's adverse credibility determination is based on substantial evidence given inconsistencies among Pei's testimony, written application, and record evidence. *See*

2

8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167. For example, although Pei testified that she was arrested in China in 2005 and fled that country for the United States in 2007, the record contains an application for adjustment of status that was signed by Pei in July 2005, and indicated that she arrived in the United States in 1999. Pei further testified inconsistently regarding whether and when she took birth control pills prescribed by family planning officials. Pei also omitted from her asylum application her assertion at her hearing that she had been beaten in China for her church attendance. *See Xiu Xia Lin*, 534 F.3d at 164, 166 n.3 (recognizing that "[a]n inconsistency and an omission are, for [credibility] purposes, functionally equivalent"). Moreover, a reasonable fact finder would not be compelled to credit Pei's explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Given these inconsistencies, the agency's adverse credibility determination is supported by substantial evidence, 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167, and provided an adequate basis for denying Pei's application for asylum, withholding of removal, and CAT relief, *see Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d

3

Cir. 2006) (noting that when the same factual assertions are needed for asylum, withholding of removal, and CAT relief, an adverse credibility finding regarding those assertions forecloses all forms of relief).

Although Pei argues that she established her eligibility for CAT relief based on her illegal departure, as the government notes, she did not raise this argument before the agency and it is thus unexhausted.  Accordingly, we decline to consider this issue.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted with respect to this petition is VACATED, and any pending motion for a stay of removal is DENIED as moot.  Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4